# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

AMTRUST NORTH AMERICA,
on behalf of
DOUGLAS WAINWRIGHT,

       Plaintiff,

v.                                  Case No. 3:19-cv-1004-J-34PDB

SENNEBOGEN MASCHINENFABRIK
GMBH, d/b/a/ SENNEBOGEN, LLC,

       Defendant.

_____/

# O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1279 - 1280 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  <u>Baltin v. Alaron Trading Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997).  Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving

1

that federal jurisdiction exists." See <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).

On August 27, 2019, Defendant Sennebogen Maschinenfabrik GMBH (Sennebogen), filed a Notice of Removal (Doc. 1, Notice), removing this case from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. <u>See</u> Notice at 1. In the Notice, Sennebogen asserts that this Court has diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1332. <u>See id.</u> at ¶ 9. However, upon review of the Notice and attached Complaint, <u>see</u> Doc. 1-1 at ¶¶ 2-5 (Complaint), the Court finds that Sennebogen has failed to allege sufficient facts to plausibly demonstrate that the parties are diverse. <u>See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994).

This case arises out of physical and financial injuries suffered by the individual plaintiff, Douglas Wainwright and his employer, Berman Brothers (Berman), from a machine designed, manufactured, constructed, assembled, inspected, and sold by Sennebogen. <u>See generally</u> Complaint. Berman is the insured business entity of named Plaintiff AmTrust North America (AmTrust). Complaint at ¶ 4. In the Complaint, AmTrust alleges that it is "a corporation, partnership and/or other business entity authorized to conduct business in the State of Florida and maintains a principal and/or registered place of business located" in Florida. <u>Id.</u> at ¶ 2. Likewise, AmTrust alleges that Berman "is the insured business entity of AmTrust and is further alleged and therefore averred to be a corporation, limited liability company and/or other business entity authorized to conduct business in the State of Florida and maintains a principle and/or registered place of

business" in Florida.  Id. at ¶ 3.  Finally, the Complaint alleges that Wainwright "is a resident of the State of Florida."  Id at ¶ 5.  Finally, in its Notice, Sennebogen states that it is "a foreign, non-U.S. company duly organized and existing under the laws of . . . Germany, with its headquarters in Straubing, Germany."  Notice at ¶ 9.  Based the aforementioned language, Sennebogen erroneously asserts that because the parties are from different states, diversity of citizenship is established.  See id.

In order to establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides.  Taylor, 30 F.3d at 1367.  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted).  Accordingly, the assertion in the Complaint that Wainwright resides in Florida is insufficient to establish citizenship for diversity purposes.  See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

Additionally, for the purposes of establishing diversity jurisdiction, "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."  Rolling Greens MHP, L.P., 374 F.3d at 1022.  A corporation, on the other hand, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'"  Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted).

Thus, to sufficiently allege the citizenship of an LLC or partnership, a party must list the citizenship of each of its members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1).

Here, the Complaint alleges that both AmTrust and Berman are either corporations, partnerships, limited liability companies, or some other form of business entity. Complaint at ¶¶ 2, 3. AmTrust and Berman cannot be all of the above. While the Complaint appears to assert the citizenship of AmTrust and Berman as if they were corporations, this information is not sufficient if, in fact, the entities represent some other type of business form. Hence, Sennebogen must first identify whether AmTrust and Berman are corporations, partnerships, limited liability companies, or some other business entity. If the two entities are corporations, then Sennebogen must allege the place of incorporation and principle place of business for each. However, if AmTrust and Berman are partnerships or limited liability companies, Sennebogen must identify the citizenship of each of AmTrust's and Berman's members.[1]

For all of the above reasons, Sennebogen[2] has failed to provide the Court with sufficient information for the Court to determine whether it has diversity jurisdiction over this action.[3] As such, it is **ORDERED**:

---

[1] Defendants are advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

[3] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit decisions issued in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1315-1317 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant

4

Defendant Sennebogen Maschinenfabrik GMBH shall have up to and including September 23, 2019, to file an amended notice of removal demonstrating that this Court has subject matter jurisdiction over this case.

**DONE AND ORDERED** in Jacksonville, Florida on this 9th day of September, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc26

Copies:
Counsel of Record

_____

limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1222, 1227-28 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").